```
1  James D. Curran, Esq.    SBN 126586
   Wolkin · Curran, LLP
2  555 Montgomery Street, Suite 1100
   San Francisco, California 94111
3  Telephone:  (415) 982-9390
   Facsimile:  (415) 982-4328
4  E-mail:     JCurran@WolkinCurran.com

5  Attorneys for Plaintiff
   FIRST NATIONAL INSURANCE
6  COMPANY OF AMERICA
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>GEO GROUT, INC., a California corporation; KENNETH A. THOLIN, an individual; PATRICIA A. THOLIN, an individual; ENRIQUE QUILES, an individual; ELIZABETH QUILES, an individual; R & K ASSOCIATES, LLC, a California limited liability company; THE THOLIN REVOCABLE TRUST DATED MARCH 19, 2003, a California trust; KENNETH A. THOLIN, as Trustee for The Tholin Revocable Trust Dated March 19, 2003; and PATRICIA A. THOLIN, as Trustee for The Tholin Revocable Trust Dated March 19, 2003,<br><br>        Defendants. | Case No. 3:10-cv-02126-~~JL~~ JSC<br><br>**STIPULATION FOR DISMISSAL WITHOUT PREJUDICE; AND [~~PROPOSED~~] ORDER THEREON**<br><br>Judge: Magistrate Jacqueline Scott Corley |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff FIRST NATIONAL INSURANCE COMPANY OF AMERICA ("First National") and Defendants GEO GROUT, INC.; KENNETH A. THOLIN; PATRICIA A. THOLIN; ENRIQUE

1.

QUILES; ELIZABETH QUILES; R & K ASSOCIATES, LLC; THE THOLIN REVOCABLE TRUST DATED MARCH 19, 2003; KENNETH A. THOLIN, AS TRUSTEE FOR THE THOLIN REVOCABLE TRUST DATED MARCH 19, 2003; AND PATRICIA A. THOLIN, AS TRUSTEE FOR THE THOLIN REVOCABLE TRUST DATED MARCH 19, 2003 (collectively, "Defendants"), by and through their respective counsel, enter into this Stipulation for Dismissal, Without Prejudice as follows:

## RECITALS

1. On May 18, 2010, First National filed a *Complaint for: (1) Breach of Written Indemnity Agreement; (2) Specific Performance; (3) Injunctive Relief; and (4) Quia Timet* against Defendants. (Document 1).

2. On June 18, 2010, Defendants filed an *Answer to Complaint*, wherein Defendants asserted five affirmative defenses to First National's Complaint. (Document 12.)

3. On December 2, 2010, First National and Defendants participated in a mediation ("the Mediation"), wherein First National and Defendants executed a Settlement Agreement dated December 2, 2010 ("Settlement Agreement").

4. Pursuant to the settlement reached during the Mediation and as set for in the Settlement Agreement, Defendants acknowledge and agree that they are liable for all of First National's damages incurred up through and including the date of the mediation and the Settlement Agreement, December 2, 2010, said damages First National and Defendants agree and stipulate total $597,332.72.

5. Pursuant to the terms of the Settlement Agreement, Defendants agreed to pay First National the sum of $597,332.72, which amount was secured by a promissory note and certain real property. Based on that Settlement Agreement, Defendants executed a *Verified Confession and Stipulation for Entry of Judgment Pursuant to Terms of Settlement Agreement* (the "Confession of Judgment") in favor of First National in the amount of $597,332.72.

6. The Defendants defaulted on their payment obligations under the terms of the Settlement Agreement.

7. On June 14, 2011, First National filed the Confession of Judgment in the Superior Court of the State of California, County of San Francisco, Case No. CPF-11-511355 ("the State Court Action").

8. On June 30, 2011, pursuant to the Confession of Judgment, Judgment was entered in the State Court Action against the Defendants and in favor of First National in the amount of **$597,332.72**.

9. First National and Defendants agree and stipulate that First National's Complaint in this action shall be dismissed, *without prejudice.*

10. First National and Defendants agree that, except as otherwise indicated in their Settlement Agreement, this Stipulation for Dismissal shall not be deemed a waiver or modification of any of First National's rights under the General Agreement of Indemnity for Contractors, dated August 23, 2007 ("Indemnity Agreement").

11. First National and Defendants agree that this Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce Defendants' obligations as set forth in the Settlement Agreement.

12. First National and Defendants agree that this Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce the Judgment entered in the State Court Action against Defendants and in favor of First National in the amount of **$597,332.72**.

13. First National and Defendants agree that this Stipulation for Dismissal shall not be deemed as a defense of res judicata, claim preclusion, collateral estoppel, or merger to prejudice or bar any subsequent claim, demand, damage, proceeding, suit, action or cause of action of any kind whatsoever by First National against Defendants, or any one or more of them.

14. First National and Defendants agree that this Stipulation for Dismissal shall not serve as a basis for recovery of any damages, including but not limited to attorney's fees and costs, by Defendants against First National.

///

## STIPULATION

**WHEREFORE**, based on the foregoing Recitals, First National and Defendants, by and through their respective counsel of record, hereby agree, and stipulate to the following:

1. The foregoing Recitals are hereby incorporated by this reference as though fully set forth herein.

2. This Stipulation for Dismissal is for the dismissal of this action, *without prejudice*.

3. This Stipulation for Dismissal shall not be deemed a waiver or modification of any of First National's rights under the Indemnity Agreement.

4. This Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce Defendants' obligations as set forth in the Settlement Agreement.

5. This Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce the Judgment entered in the State Court Action against Defendants and in favor of First National in the amount of **$597,332.72**.

6. This Stipulation for Dismissal shall not be deemed to be a defense of res judicata, claim preclusion, collateral estoppel, or merger to prejudice or bar any subsequent claim, demand, damage, proceeding, suit, action or cause of action of any kind whatsoever by First National against, Defendants, or any one or more of them.

7. This Stipulation for Dismissal shall not serve as a basis for recovery of any damages, including but not limited to attorney's fees and costs, by Defendants against First National.

**IT IS SO STIPULATED.**

Dated: July 8, 2011        WOLKIN • CURRAN, LLP

By:     /s/ James D. Curran
_____
James D. Curran

Attorneys for Plaintiff
FIRST NATIONAL MUTUAL INSURANCE COMPANY

Dated: July 8, 2011    MCNEIL SILVEIRA RICE WILEY & WEST

By: /s/ *Mark John Rice (as authorized on 7/8/11)*
_____
Mark John Rice

Attorneys for Defendants
GEO GROUT, INC.; KENNETH A. THOLIN, individually and as Trustee; PATRICIA A. THOLIN, individually and as Trustee; ENRIQUE QUILES; ELIZABETH QUILES; R & K ASSOCIATES, LLC; THE THOLIN REVOCABLE TRUST DATED MARCH 19, 2003

## ORDER

Having considered the above Stipulation, and finding good cause appearing, the Court hereby approves the Stipulation for Dismissal, and orders as follows:

**IT IS HEREBY ORDERED:**

1.  First National's Complaint for (1) Breach of Written Indemnity Agreement; (2) Specific Performance; (3) Injunctive Relief; and (4) Quia Timet against Defendants (Document 1), filed on May 18, 2010, is dismissed, **without prejudice.**

2.  The foregoing Stipulation for Dismissal shall not be deemed to be, a waiver of any of First National's rights under the General Agreement of Indemnity for Contractors, dated August 23, 2007 ("Indemnity Agreement").

3.  The foregoing Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce Defendants' obligations as set forth in the Settlement Agreement dated December 2, 2010.

4.  The foregoing Stipulation for Dismissal shall have no force or effect as to First National's rights to enforce the Judgment entered in the State Court Action on June 30, 2011, against Defendants and in favor of First National, in the amount of **$597,332.72.**

///

///

///

5. The foregoing Stipulation for Dismissal shall not be deemed to be a defense of res judicata, claim preclusion, collateral estoppel, or merger to prejudice or bar any subsequent claim, demand, damage, proceeding, suit, action or cause of action of any kind whatsoever by First National against, Defendants, or any one or more of them.

6. The foregoing Stipulation for Dismissal shall not serve as a basis for recovery of any damages, including but not limited to attorney's fees and costs, by Defendants against First National.

**IT IS SO ORDERED.**

Dated: 7 . 11 , 2011

UNITED STATES MAGISTRATE JUDGE
JACQUELINE SCOTT CORLEY